United States District Court
Northern District of California

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SCOTT BEUTEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK N.A., et al.,<br><br>　　　　Defendants. | Case No. 18-CV-03686-LHK<br><br>**ORDER REMANDING CASE TO STATE COURT** |

On June 19, 2018, Plaintiff Scott Beutel filed this action in Monterey County Superior Court against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Quality Loan Service Corporation ("Quality Loan"). ECF No. 1 at 13. The complaint pleads five state law causes of action: (1) violation of Civil Code 2923.5; (2) violation of Civil Code 2923.7; (3) negligent misrepresentation; (4) negligent infliction of emotional distress; and (5) unlawful business practices under Business & Professions Code § 17200. *Id.* Plaintiff is a citizen of California. *Id.* at 2. Wells Fargo is a citizen of South Dakota. *Id.* at 3, 14. Quality Loan is a citizen of California. *Id.* at 14.

On June 20, 2018, Wells Fargo removed this case to federal court based on diversity jurisdiction. *Id.* at 1. On June 21, 2018, Plaintiff filed an ex parte application for a temporary restraining order. ECF No. 5.

## I. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

In order for federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002).

Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332. 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

For the Court to have federal question jurisdiction over a complaint, the complaint must arise under federal law. 28 U.S.C. § 1331. Generally speaking, "[a] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989).

## II. DISCUSSION

"Although the statute does not so require explicitly, the Supreme Court has repeatedly held, and recently reiterated, that § 1332(a) requires complete diversity, whereby 'in a case with

2

Case No. 18-CV-03686-LHK
ORDER REMANDING CASE TO STATE COURT

multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.'" *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs.*, Inc., 545 U.S. 546, 553 (2005)).

Wells Fargo advances two arguments as to why the Court should ignore Quality Loan for the purposes of its diversity jurisdiction analysis. First, Wells Fargo contends that Quality Loan is a nominal party because Quality Loan is a substituted trustee and has no financial interest in the property. ECF No. 1 at 4. However, where a putative nominal defendant has not filed in the state court a declaration of non-monetary status under California Civil Code § 2924l, "courts have held that the trustee is not a nominal party and have remanded the removed cases back to state court." *Mitchell v. Citimortgage, Inc.*, 2012 WL 6202506, at *2 (E.D. Cal. Dec. 12, 2012) (citing *Camino v. America's Servicing Co.*, 2012 U.S. Dist. LEXIS 73376 (C.D. Cal. May 21, 2012); *Silva v. Wells Fargo Bank NA*, 2011 WL 2437514 (C.D. Cal. June 16, 2011); *Wise v. Suntrust Mortg., Inc.*, 2011 WL 1466153 (N.D. Cal. Apr. 18, 2011)). In *Mitchell*, for example, where there was "absolutely no indication that [Quality Loan] has attempted to comply with Civil Code § 2924l," the district court found that the removing defendant had "failed to establish that [Quality Loan] is a nominal party or that complete diversity between the parties exists." 2012 WL 6202506 at *2. Here, too, there is no indication that Quality Loan has attempted to comply with California Civil Code § 2924l.

Moreover, other courts have held that a party is not a nominal defendant where the plaintiff has made substantive allegations, and asserted claims for money damages, against that defendant. *See, e.g.*, *Dejillo v. Wells Fargo Bank, N.A.*, No. 5:15-cv-3080-RMW, 2015 WL 5187344, at *3 (N.D. Cal. Sept. 4, 2015); *Beiermann v. JP Morgan Chase Bank Nat'l Ass'n*, 2012 WL 1377094, at *2-3 (W.D. Wash. Apr. 19, 2012). Here, Plaintiff alleges that Quality Loan and Wells Fargo acted together to file a false declaration attesting to Defendants' compliance with California Civil Code § 2923.5 and that Defendants never served Plaintiff with the Notice of Default, among other allegations. *See* ECF No. 1 at 19 ¶¶ 23, 25. In addition, Plaintiff asserts claims for money

3

Case No. 18-CV-03686-LHK
ORDER REMANDING CASE TO STATE COURT

damages against Quality Loan. *See id.* at 27. "Under these circumstances, Wells Fargo has failed to show that [Quality Loan] is merely a nominal party." *Dejillo*, 2015 WL 5187344 at *3 (citing *Couture v. Wells Fargo Bank, N.A.*, No. 11-CV-1096-IEG, 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011)).

Second, Wells Fargo argues that Quality Loan has been fraudulently joined. ECF No. 1 at 6. "There is a 'general presumption against fraudulent joinder' and the defendant's burden of demonstrating that a joinder is fraudulent is a 'heavy' one." *Dejillo*, 2015 WL 5187344 at *2 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). "In the Ninth Circuit, a non-diverse defendant is deemed to be fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Id.* (quoting *Sun v. Bank of America Corp.*, No. SACV 10-0004 AG (MLGx), 2010 WL 454720, *3 (C.D. Cal. Feb. 8, 2010)).

Here, Plaintiff often uses the term "Defendants" without specifying which defendants are responsible for particular actions. "Nevertheless, viewed in the light most favorable to plaintiff, the complaint at least implies that Wells Fargo and [Quality Loan] acted in conspiracy to improperly initiate foreclosure documents by recording foreclosure documents without providing plaintiff with the required notice and opportunity to cure." *Id.* at *2; *see* ECF No. 1 at 18-19 ¶ 21-26. "Other courts have found that a trustee was not fraudulently joined under analogous circumstances." *Dejillo*, 2015 WL 5187344 at *2 (citing *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1063-64 (C.D. Cal. 2012); *Gomez v. Wells Fargo Bank, N.A.*, No. C 15-2996 SBA, 2015 WL 4592060, at *2 (N.D. Cal. July 27, 2015)).

Wells Fargo also contends that, pursuant to California Civil Code § 2924(d), Quality Loan is immune from liability for executing and recording foreclosure notices. ECF No. 1 at 6. However, "the immunity for sending statutorily required notices in a non-judicial foreclosure does not apply if there is a showing of malice." *Dejillo*, 2015 WL 5187344 at *3 (citing *Mireles*, 845 F.Supp.2d at 1065 (finding that immunity might not apply where plaintiff alleged that

4
Case No. 18-CV-03686-LHK
ORDER REMANDING CASE TO STATE COURT

"[d]efendants acted outrageously and persistently with actual malice in performing the acts alleged"); *Boggs v. Wells Fargo Bank NA*, No. C 11-2346 SBA, 2012 WL 2357428 at *4 (N.D. Cal. June 14, 2012) (finding allegation that defendants acted with fraudulent intent sufficient to show that defendants acted with malice, foreclosing qualified immunity for trustee)).

Here, Plaintiff alleged that Defendants engaged in "unfair" business acts by, among other things, failing to contact plaintiff and determine his eligibility for a loan modification as required by law. ECF No. 1 at 18-19 ¶¶ 21-26. Plaintiff alleges that Defendants' actions "were willful, oppressive, and malicious, in that Defendants engaged in acts of unfair competition with the deliberate intent to injure Plaintiff." *Id.* at 26 ¶ 56. Plaintiff's allegations regarding malice are scant. Nevertheless, the Court finds that, when viewed in the light most favorable to Plaintiff, these allegations may be sufficient to render Quality Loan ineligible for statutory immunity. *See Dejillo*, 2015 WL 5187344 at *3.

Because Wells Fargo has failed to establish that Quality Loan is a nominal defendant or has been fraudulently joined, the Court finds that complete diversity was lacking at the time of removal. Wells Fargo did not argue that the Court has federal question jurisdiction, and indeed, only state law causes of action are pled. Thus, because the Court lacks subject matter jurisdiction, the case must be remanded to state court. *See* 28 U.S.C. § 1447(c); *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014) ("Under § 1447(c), the district court must remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]'" (alterations in original)).

### III. CONCLUSION

For the foregoing reasons, the Court REMANDS the case to Monterey County Superior Court. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 22, 2018

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

5

Case No. 18-CV-03686-LHK
ORDER REMANDING CASE TO STATE COURT